# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

INNOVATIER, INC.,

      Plaintiff/Counterclaim Defendant,

v.

CARDXX, INC.,

      Defendant/Counterclaimant,          Civil Action No. 08-CV-00273-PAB-KLM

v.

ROBERT SINGLETON

      Additional Counterclaim Defendant.

---

## PROTECTIVE ORDER

The Court finds that this action may involve trade secrets and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, and to ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, pursuant to Federal Rule of Civil Procedure 26(c), and for good cause shown,

IT IS HEREBY ORDERED THAT:

## DEFINITIONS

A. "Party": any party to this action, including all of its officers, directors, employees, consultants, retained experts and consultants, and outside counsel (and their support staff).

B. "Material": all information, documents, items and things produced, served or otherwise provided in this action (whether paper, electronic, tangible or otherwise) by the Parties or by non-parties.

C. "Producing Party": a Party or non-party that produces Material in this action.

D. "Receiving Party": a Party that receives Material from a Producing Party.

E. "Designating Party": a Party or non-party that designates Material as "CONFIDENTIAL" or "OUTSIDE COUNSEL RESTRICTED."

F. "CONFIDENTIAL" Material: Material the Designating Party believes in good faith is not generally known to others, and which the Designating Party (i) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence, (ii) believes in good faith is protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy, or (iii) believes in good faith to constitute or to contain confidential commercial information. CONFIDENTIAL Material shall include all Material referring or relating to the foregoing, including but not limited to copies, summaries, and

abstracts of the foregoing, and shall be designated as such in the manner described in Section 2.

G.     "OUTSIDE COUNSEL RESTRICTED" Material: Material the Designating Party reasonably believes is not generally known to others and has significant competitive value such that unrestricted disclosure to others would create a substantial risk of serious injury, which meets the requirements to be designated "CONFIDENTIAL" as described above, and which the Designating Party additionally believes in good faith constitutes proprietary financial, technical or commercially sensitive competitive information that the Producing Party maintains as highly confidential in its business. OUTSIDE COUNSEL RESTRICTED Material shall include all Material referring or relating to the foregoing, including but not limited to copies, summaries, and abstracts of the foregoing, and shall be designated as such in the manner described in Section 2. .

H.     "Designated Material": Material that is designated "CONFIDENTIAL" or "OUTSIDE COUNSEL RESTRICTED."

I.     "Outside Counsel": attorneys (including litigation and clerical support staff) who are not employees, directors, or officers of a Party or a Party's parents, affiliates, or subsidiaries but who are either counsel of record for a Party in this action or who work at the same law firm as counsel of record for a Party in this action.

J.     "Outside Consultant": a person with specialized knowledge or experience in a matter pertinent to the action who has been retained by a Party or its Outside Counsel to serve as an expert witness or as a consultant in this action and who is not: (i) a current or anticipated employee of a Party or of a Party's competitor, or (ii) a

3

consultant involved in product and/or process design or development for a Party or for a Party's competitor.

K. "Professional Vendors": persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing or processing data) and their employees and subcontractors. This definition includes a professional jury or trial consultant retained in connection with this action and mock jurors retained by such a consultant to assist them in their work. Professional Vendors do not include consultants who fall within the definition of Outside Consultant.

## TERMS AND CONDITIONS

1.    General Limitations on Disclosure and Use of Designated Material

Designated Material and the substance and content thereof, including any copies, notes, memoranda, summaries, excerpts, compilations, or other similar documents relating thereto, shall be used by a Receiving Party solely for the purpose of this litigation and not for any other purpose, including, without limitation, any business or commercial purpose, or dissemination to the media or public. Any person in possession of Designated Material shall exercise reasonably appropriate care with regard to storage, custody, or use of such Material in order to ensure that the confidential nature of the Material is maintained. If Designated Material is disclosed or comes into the possession of any person other than in the manner authorized by this Protective Order, any Party having knowledge of the disclosure must immediately inform the Producing Party (and, if not the same person or entity, the Designating Party) of all pertinent facts

relating to such disclosure and shall make reasonable efforts to retrieve such Material and to prevent further disclosure.

2.    Procedure for Designating Materials

(a)    Documents and Other Tangible Materials. The designation of Material in the form of documents, discovery responses, or other tangible materials (other than depositions or other pre-trial testimony) shall be made by the Designating Party by conspicuously affixing (physically or electronically) the legend "CONFIDENTIAL" or "OUTSIDE COUNSEL RESTRICTED" on each page containing information to which the designation applies (or in the case of computer medium on the medium label and/or cover). To the extent practical, the legend shall be placed near the Bates number identifying the Material. If a document has more than one designation, the more restrictive or higher designation applies.

(b)    Non-tangible Materials. All Designated Materials that are not reduced to documentary, tangible, or physical form or that cannot be conveniently designated in the manner set forth in Section 2(a) above shall be designated by the Designating Party by informing the Receiving Party in writing.

(c)    Deposition Testimony and Transcripts. Any Party may designate as CONFIDENTIAL or OUTSIDE COUNSEL RESTRICTED Material that is disclosed at a deposition by indicating on the record at the deposition that the testimony is CONFIDENTIAL or OUTSIDE COUNSEL RESTRICTED and is subject to the provisions of this Protective Order. Any Party may also designate Material as CONFIDENTIAL or OUTSIDE COUNSEL RESTRICTED by notifying the court reporter and all of the

parties, in writing within thirty (30) days after receipt of the final deposition transcript, of the specific pages and lines of the transcript that should be treated thereafter as CONFIDENTIAL or OUTSIDE COUNSEL RESTRICTED. Each Party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in his/her possession, custody, or control. All deposition transcripts shall be treated as OUTSIDE COUNSEL RESTRICTED for at least a period of thirty (30) days after receipt of the final transcript.

(d)     Non-party Designations. Non-parties who produce Material in this action may avail themselves of the provisions of this Protective Order, and such Material produced by nonparties shall be treated by the parties in conformance with this Protective Order. A non-party's use of this Protective Order for production of its Material does not entitle that non-party to have access to Material produced by any Party in this action.

3.     Claw-back Provisions

(a)     Failure to Properly Designate. If a Producing Party inadvertently produces Material without labeling or otherwise designating it in accordance with the provisions of this Protective Order, the Producing Party, within ten (10) days from the date it learns that Material was produced without the appropriate designation, may give written notice to the Receiving Party that the Material produced is designated CONFIDENTIAL or OUTSIDE COUNSEL RESTRICTED and should be treated as such in accordance with the provisions of this Protective Order. The Receiving Party must treat such Material according to its most recent designation of CONFIDENTIAL or OUTSIDE COUNSEL RESTRICTED from the date such notice is received; provided, however, that the

Receiving Party shall have the right to challenge the designation of the Designated Material pursuant to the provisions of Section 5. Neither the Receiving Party nor any person who properly had access to produced Material but who could not have access to that same Material under a corrected designation shall have any liability for having had such access. If, before receiving such notice, the Receiving Party disclosed such Material to recipients who are not qualified to receive it under the most recent designation, the Receiving Party must immediately inform the Designating Party of all pertinent facts relating to such disclosure and shall make all reasonable efforts to assure that the Material is treated in accordance with the provisions of this Protective Order, including retrieving any copies that may have been disclosed to unqualified recipients.

(b)     No Waiver of Privilege. If a Producing Party produces or discloses Material, including by making the Material available for review by the opposing party, and the Producing Party claims the Material should not have been produced or disclosed because of the attorney-client privilege, the work product immunity or any other applicable privilege or immunity from discovery, such production or disclosure shall not be deemed to be a waiver of any such privilege or immunity. Upon request by the Producing Party, the Receiving Party shall immediately return all copies of such Material, unless a good faith objection exists as to the propriety of the assertion of such privilege or immunity or its admissibility in any proceeding before the Court. In such event, the Receiving Party must within five (5) business days after receiving the request for return of the Material, challenge the propriety of the re-designation by submitting a written challenge to the Court. In opposition to such challenge the Producing Party shall

7

submit the Material to the court under seal for in camera inspection. The Receiving Party may not use the Material in dispute for any purpose pending the Court's resolution of the challenge to the redesignation of privilege or immunity, and if the Court denies the challenge the Receiving Party shall return all copies of such Material to the Producing Party and certify in writing that all summaries, notes, or other materials referring to the substance of the Material have been destroyed.

4. <u>Material Not Covered By This Protective Order</u>

No Material shall be deemed CONFIDENTIAL or OUTSIDE COUNSEL RESTRICTED if:

(a)     it is in the public domain at the time of disclosure;

(b)     it becomes part of the public domain as a result of publication not involving a violation of this Protective Order;

(c)     the Receiving Party can show it was in the Receiving Party's rightful and lawful possession at the time of disclosure;

(d)     the Receiving Party lawfully received it from a non-party without restriction as to disclosure, provided such non-party has the right to make the disclosure to the Receiving Party; or

(e)     the Receiving Party can show it was independently developed by the Receiving Party after the time of disclosure by personnel who did not have access to the Producing Party's Designated Material.

5.   Challenges to Designations

(a)   Written Notice. The Designating Party shall use reasonable care when designating Material as CONFIDENTIAL or OUTSIDE COUNSEL RESTRICTED. Nothing in this Protective Order shall prevent a Receiving Party from contending that any Material has been improperly designated. If the Receiving Party disagrees with the designation of any Material, the Receiving Party may challenge such designation by providing the Designating Party with written notice of such challenge and by identifying the Material as specifically as possible. The challenge should be made as soon as is practicable following production. If the parties do not resolve the dispute within fifteen (15) days of the Designating Party receiving written notice of the challenge, the Receiving Party may file a motion with the Court challenging the designation as invalid as set forth below.

(b)   Meet and Confer. A Party that elects to challenge a designation must do so in good faith and, in addition to the written notice, must confer directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the Material challenged and to reconsider the circumstances, and if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may file a motion challenging the designation only if it has engaged in this meet and confer dialogue first. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with these meet and confer requirements and that sets forth with specificity the justification

for the designation that was given by the Designating Party in the meet and confer dialogue.

(c)     Judicial Intervention. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the Court rules on the challenge, all parties shall continue to afford the Material in question the level of protection to which it is entitled under the Designating Party's designation.

6.     Inspection of Materials

Material made available for inspection by Outside Counsel for the Receiving Party shall initially be considered to be OUTSIDE COUNSEL RESTRICTED and subject to this Protective Order even though no formal designation has yet been made. Thereafter, the Producing Party shall have a reasonable time, but not more than 30 days, to review and designate the inspected Material as CONFIDENTIAL or OUTSIDE COUNSEL RESTRICTED prior to furnishing copies to the Receiving Party.

7.     Access to CONFIDENTIAL Material

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, CONFIDENTIAL Material shall not be disclosed, directly or indirectly, to anyone except the following (and those identified in Section 13 below regarding use of Designated Material at depositions):

(a)     The Court and its personnel.

(b)     Outside Counsel for each Party whose functions require access to CONFIDENTIAL Material.

10

(c)     Outside Consultants, subject to the provisions and limitations set forth in Section 10 herein.

(d)     Employees, officers, and directors of a Receiving Party who have responsibility for maintaining, defending, or evaluating this litigation (and supporting personnel). No CONFIDENTIAL Material shall be disclosed to a Receiving Party employee, officer, or director until the individual has signed the Confidentiality Agreement attached hereto as Exhibit A, thereby declaring that he or she has read and understands this Protective Order and agrees to be bound by its provisions. Such written agreement shall be retained by counsel for the Receiving Party and must be disclosed to the Producing or Designating Party within seven (7) days after execution.

8.     <u>Access to OUTSIDE COUNSEL RESTRICTED Material</u>

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, and except as otherwise provided herein, OUTSIDE COUNSEL RESTRICTED Material shall not be disclosed, directly or indirectly, to anyone except the following (and those identified in Section 13 below regarding use of Designated Material at depositions):

(a)     The Court and its personnel.

(b)     Outside Counsel for each Party whose functions require access to OUTSIDE COUNSEL RESTRICTED Material.

(c)     Outside Consultants, subject to the provisions and limitations set forth in Section 10 herein.

(d)     Up to four (4) in-house designees for Plaintiff and up to four (4) in-house designees for Defendants. At this time, Plaintiff names Lawrence J. Keim, Robert W. Singleton, and Carl Anderson; and Defendant names Steve Wapelhorst, Paul Reed, Paul Lewis, and Phil Worack, and each party does not object to these individuals. To the extent that four (4) designees have not been named hereinabove, each party shall have the ability to name additional designee(s) during the course of the litigation and also to replace any of the above-mentioned designees if it becomes necessary to do so, subject to the total number of four (4) at any given time. At least five (5) business days in advance of receiving any OUTSIDE COUNSEL RESTRICTED material, however, the Receiving Party must provide to the Designating Party a signed copy of the Exhibit A, thereby declaring that each designee (including those named above) has read and understand this Protective Order and agrees to be bound by its provisions. With respect to designees other than those individuals named above, the Producing Party may in good faith object to any disclosure of OUTSIDE COUNSEL RESTRICTED material to the proposed additional designee. Failure to object within five business days from receipt of the Exhibit A shall be deemed consent to the in-house designee's ability to view such materials. Disputes over such objections are handled under Section 10, below.

9.    Access by Professional Vendors

Despite the access restrictions set forth in Sections 7 and 8, but otherwise subject to the requirements set forth in this Protective Order, Designated Material, and such copies as are reasonably necessary for maintaining, defending, or evaluating this litigation, may be furnished and disclosed to Professional Vendors as defined in Definition K. Before disclosing any Designated Material to any Professional Vendor described in this paragraph, Outside Counsel for the Receiving Party shall first obtain from one representative of each Professional Vendor and from each person serving as a mock juror a written Confidentiality Agreement, in the form attached hereto as Exhibit A. Such written agreement shall be retained by Outside Counsel for the Receiving Party, but need not be disclosed to the Producing or Designating Party until the conclusion of the case.

10.    Disclosure to Outside Consultants

(a)    Confidentiality Agreement. An Outside Consultant's access to Designated Material shall be subject to the terms in this section, including the notice-and-objection provisions below, and the requirement that the Outside Consultant execute the Confidentiality Agreement attached hereto as Exhibit A. The Confidentiality Agreement shall be retained by Outside Counsel for the Party that retained the Outside Consultant, but need not be disclosed to any other Party.

(b)    Written Notice. Before a Receiving Party may disclose, directly or indirectly, any Designated Material to an Outside Consultant, designated as an expert witness pursuant to Rule 26 of the Federal Rules of Civil Procedure (the "Designated Outside Consultant"), the Receiving Party must give written notice to the Producing or

Designating Party of the following information as it relates to the Designated Outside Consultant:

> (1) current curriculum vitae, including the full name of the individual and the city and state of his or her primary residence;
>
> (2) business address and title;
>
> (3) nature of business or profession;
>
> (4) any previous or current relationship (personal or professional) with any of the parties;
>
> (5) the individual's current employer; and
>
> (6) all companies for which the individual has consulted or been employed by, within the past four years, and the years of such consulting or employment;

(c) Objection. A Party that makes a written notice and provides the information specified in the preceding paragraph may disclose the Designated Material to the identified Outside Consultant unless, within seven (7) business days of the written notice (plus three (3) additional business days if notice is given other than by hand delivery, email, or facsimile transmission), the Designating or Producing Party objects in writing, specifying the basis for the objection.

(d) Judicial Intervention. If an objection is made, the parties shall meet and confer to try to resolve the dispute by agreement. If no agreement is reached, the

14

objecting Party may, within fifteen (15) days of the written objection, move the Court for an order that access to CONFIDENTIAL or OUTSIDE COUNSEL RESTRICTED Material be denied the designated individual, or other appropriate relief. Unless and until the Court determines otherwise, no disclosure of any such Designated Material shall be made by the Receiving Party to any Outside Consultant to whom an objection has been made. If the objecting Party does not make such a motion, access is deemed permitted.

11.    Exceptions to Limitations on Disclosure

Nothing herein shall prevent disclosure of Designated Material: (a) by the Producing Party to anyone else; (b) by the Receiving Party to an officer or employee of the Producing Party; (c) by a Party to any person, whether or not affiliated with the Producing Party at the time of disclosure, who either authored the Designated Material, in whole or in part, or who has independently received the Designated Material other than through a means constituting a breach of this Protective Order; or (d) to any person who is reasonably identified through specific documentary or testimonial evidence, as previously having had access to the Designated Material, other than through a means constituting breach of this Protective Order.

12.    Filing Under Seal

All transcripts, exhibits, discovery responses, pleadings, briefs, and other Material submitted to the Court that contain or disclose Designated Material shall be filed under seal in accordance with the local rules and clerk's instructions of the United States District Court for the District of Colorado.

If any person fails to file protected Material under seal, the Producing Party, Designating Party, or any Party claiming confidentiality for the Material may request that the Court place the filing under seal.

13.   Use at Depositions

(a)   Except as otherwise ordered by the Court, any deponent or trial witness may be examined and may testify concerning Designated Material of which such person has prior knowledge. Without in any way limiting the generality of the foregoing:

(1)   A present director, officer, and/or employee of a Producing Party may be examined and may testify concerning all Designated Material that has been produced by that Party.

(2)   A former director, officer, and/or employee of a Producing Party may be interviewed, examined, and may testify concerning all Designated Material of which such person has prior knowledge (not involving a violation of this Protective Order), including any such Material that refers to matters of which the witness has personal knowledge, which has been produced by that Party, and which pertains to the time period or periods of such witness's employment or service.

(3)   Non-parties may be examined or testify concerning any document containing Designated Material that appears on its face or from other documents or testimony to have been received from, or communicated to, the non-party as a result of any contact or relationship with the Producing Party. Any person other than the witness, his or her counsel, and any person qualified to receive

Designated Material under this Protective Order shall be excluded from the portion of the examination concerning such Material, absent the consent of the Producing Party. If the witness is represented by an attorney who is not otherwise qualified under this Protective Order to receive Designated Material, then prior to the examination, the attorney shall provide a signed Confidentiality Agreement, in the form attached hereto as Exhibit A, declaring that he or she will comply with the terms of this Protective Order and maintain the confidentiality of Designated Material disclosed during the course of the examination. If such attorney declines to sign such a Confidentiality Agreement before the examination, the parties, by their counsel, shall jointly seek a protective order from the Court prohibiting such attorney from disclosing such Designated Material.

(b)     In addition to the restrictions set forth in this Protective Order, the following shall apply to Designated Material used at a deposition:

(1)     A witness who previously had access to Designated Material, but who is not under a present nondisclosure agreement with the Producing Party that applies to the Designated Material, may be shown the Designated Material if a copy of this Protective Order is attached to any subpoena, notice, or request served on the witness for the deposition, and the witness is advised on the deposition record of the existence of the Protective Order and agrees to its requirements to keep confidential any questions, testimony, or documents that in any way relate to or constitute Designated Material.

(2)     Witnesses may not retain copies of any Designated Material used or reviewed at a deposition. A witness may not take out of the deposition room any exhibit constituting or containing Designated Material. Copying and distribution of any transcript or exhibit constituting or containing Designated Material shall be done in accordance with this Protective Order.

(3)     If at the time Designated Material is first used at a deposition, a Producing Party fails to object to either the use of that material with a witness or the presence of any individual alleged not to be entitled to see such material, any such objections are waived.

14.     Use of Designated Material at Hearing or Trial

At any hearing or trial relating to this proceeding, subject to the rules of evidence and any Order of the Court, a party may use any "CONFIDENTIAL" or "OUTSIDE COUNSEL RESTRICTED" Designated Material for any purpose. In the event that any "CONFIDENTIAL" or "OUTSIDE COUNSEL RESTRICTED" Designated Material is used in any court proceeding in connection with this litigation, it shall not lose its status as "CONFIDENTIAL" or "OUTSIDE COUNSEL RESTRICTED" Designated Material through such use, provided that the parties to this action take steps reasonably calculated to protect its confidentiality during such use. The parties may request that attendance at those portions of the hearing or trial or access to the transcripts of those hearings or the trial in which "CONFIDENTIAL" or "OUTSIDE COUNSEL RESTRICTED" Designated Material is disclosed be restricted to court personnel and persons authorized to receive disclosure by this Protective Order.

15.  Stipulations or Additional Relief from the Court

The parties may, by stipulation, provide for exceptions to this Protective Order. Nothing in this Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of Material or relief from this Protective Order with respect to particular Designated Material.

16.  Return of Designated Material

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after a final, nonappealable judgment or order, or the complete settlement of all claims asserted against all parties in this action, each Receiving Party must return all Designated Material to the Producing Party. As used in this section "Designated Material" includes Designated Material and any derivatives therefrom, including, but not limited to, all copies, abstracts, compilations, summaries, notes, or any other form of reproducing, referring to, or capturing any portion of the Designated Material. The Receiving Party's obligation to return Designated Material received from another Party extends to Designated Material the Receiving Party disclosed to others pursuant to this Protective Order. With written permission from the Producing Party, the Receiving Party may destroy some or all of the Designated Material instead of returning it. The Receiving Party may destroy derivatives of the Designated Material without the permission of the Producing Party. Whether the Designated Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Designated Material that

was returned or destroyed and that affirms that neither the Receiving Party nor others to which the Receiving Party disclosed Designated Material has retained any Designated Material (or otherwise identifies any person or entity that has failed to return or destroy such Designated Material). Notwithstanding this section, counsel are entitled to retain an archival copy of all pleadings, motion papers (including all supporting and opposing papers and exhibits and declarations thereto), transcripts, legal memoranda, correspondence, briefs (including all supporting and opposing papers and exhibits and declarations thereto), written discovery requests and responses, exhibits offered or introduced into evidence at trial, or attorney work product. Any such archival copies remain subject to this Protective Order as set forth in Section 17.

17.    Injunctive Relief

The parties acknowledge that any breach of this Protective Order may result in immediate and irreparable injury for which there is no adequate remedy at law. If anyone violates or threatens to violate the terms of this Protective Order, the parties agree that the aggrieved Party may immediately apply to obtain injunctive relief against any such violation or threatened violation, and if the aggrieved Party does so, any respondent who is subject to the provisions of this Protective Order may not employ as a defense that the aggrieved Party possesses an adequate remedy at law.

18.    Notice

All notices required by this Protective Order are to be served via facsimile to the outside counsel for the parties. The date by which a party to this action receiving the notice shall respond, or otherwise take action, shall be computed from the date indicating that the facsimile was received. Any of the notice requirements herein may

be waived in whole or in part, but only in writing signed by an attorney for the party designating Material under this Order

19.    Survival of Order

The terms of this Protective Order shall survive the final termination of this action to the extent that any Designated Material is not or does not become known to the public. This Court shall retain jurisdiction over this action for the purpose of enforcing this Protective Order. The parties agree that any order of dismissal of the Action as to any or all parties shall include specific provision that the Court retains jurisdiction to enforce the terms of this Protective Order following dismissal. Each Party hereby consents to the personal jurisdiction of the Court for that purpose.

20.    Waiver or Termination

The provisions of this Protective Order may not be modified, waived or terminated except by the written stipulation of counsel or order of the Court. This Order shall survive the final termination of this proceeding with respect to any retained "CONFIDENTIAL" or "OUTSIDE COUNSEL RESTRICTED" Designated Material. Termination of the proceedings shall not relieve any person from the obligations of this Protective Order, unless the Court orders otherwise. The Court shall retain jurisdiction to enforce the Protective Order despite the termination of this lawsuit.

21.    Treatment Prior to Entry of Order

Each Party agrees to be bound by the terms of this Protective Order as of the date it executed the Order below, even if prior to entry of the Order by the Court.

22. Protected Material Subpoenaed or Ordered Produced In Other Litigation

If a Receiving Party is served with a subpoena or a court order that would compel disclosure of any Designated Material, the Receiving Party must so notify the Producing (and, if not the same person or entity, the Designating Party), in writing (by hand delivery, fax, or email) promptly and in no event more than ten (10) days after receiving the subpoena or order. Such notification must include a copy of the subpoena or order. The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue that some or all the material covered by the subpoena or order is subject to this Protective Order. In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the party in the other action that caused the subpoena or order to issue. The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Producing or Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its Designated Material. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

SIGNED this 13th day of ___November___, 2008.

s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge

22

**Exhibit A**

## ACKNOWLEDGMENT AND AGREEMENT
## TO BE BOUND BY PROTECTIVE ORDER

I, _____ , state:

1.      I reside at _____ .

2.      My present employer is _____ .

3.      My present occupation or job description is _____ .

4.      I agree to keep the confidentiality of all "Designated Material" provided to me in the matter of Innovatier, Inc. v. CardXX, Inc., Civil Action No. 08-CV-00293-PAB-KLM, and to be subject to the authority of the U.S. District Court for the District of Colorado in the event of any violation of this agreement or dispute related to this agreement.

5.      I have been informed of and/or read the Protective Order ("Order") dated_____ , and understand and will abide by its contents and confidentiality requirements. I will not divulge any confidential information or material to persons other than those specifically authorized by the Order. I will not use any confidential information or material in any manner not expressly allowed by the Order.

6.      I state under penalty of perjury under the laws of [RELEVANT JURISDICTION] that the foregoing is true and correct.

Executed on _____ , 200__.

_____
Signature