IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 08-cv-00273-PAB-KLM

INNOVATIER, INC.,

    Plaintiff/Counterclaim Defendant,

v.

CARDXX, INC.,

    Defendant/Counterclaimant,

v.

ROBERT SINGLETON,

    Counterclaim Defendant.
_____

**ORDER**
_____

On February 4, 2009, plaintiff and counterclaim defendant Innovatier informed the Court [Docket No. 79] that on February 3, 2009 it filed a petition under Chapter 11 of the Bankruptcy Code in the Middle District of Florida [Case No. 8:09-bk-01981]. As a result, defendant and counterclaim plaintiff CardXX's counterclaims against Innovatier were automatically stayed by operation of 11 U.S.C. § 362(a). On March 19, 2009, the Court conducted a status conference in this case. CardXX and "counterclaim" defendant Robert Singleton appeared. Neither Innovatier, nor the trustee on its behalf, appeared.

Although the automatic stay under 11 U.S.C. § 362(a) generally applies only to claims against the debtor, claims asserted against nonbankrupt co-defendants may

also be stayed in "unusual situations." *Okla. Federated Gold & Numismatics, Inc. v. Blodgett*, 24 F.3d 136, 141-42 (10th Cir. 1994). In the present case, as acknowledged by CardXX at the status conference, the bankrupt counterclaim defendant Innovatier's interests are closely tied to nonbankrupt "counterclaim" defendant Singleton. Innovatier's interests could be undermined by a judgment against Mr. Singleton and such a judgment could operate, in essence, as a judgment against Innovatier. *See id.* Furthermore, Innovatier possesses a great deal of the discoverable material CardXX needs to prosecute its counterclaims against Mr. Singleton.

Although section 362(a) generally only stays proceedings *against* the debtor, not *by* the debtor, *see Mason v. Okla. Tpk. Auth.*, 115 F.3d 1442, 1450 (10th Cir. 1997), neither Innovatier nor the trustee has made any indication that it intends to proceed in this action. Therefore, pursuant to the Court's authority under D.C.COLO.LCivR 41.2, it is

**ORDERED** that this case shall be administratively closed. The case may be reopened by any party upon a showing of good cause. It is further

**ORDERED** that the parties shall file, either jointly or separately, a status report within 30 days of any action that serves to lift the automatic stay in force as a result of the Bankruptcy proceeding in the Middle District of Florida [Case No. 8:09-bk-01981]. The status report shall indicate what the action was, the purported impact, and how the party or parties intend to proceed in this case. It is further

**ORDERED** that all settings in this case, including deadlines, conferences, and the trial set to begin on May 11, 2009, are hereby vacated.

DATED March 20, 2009.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge