IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00273-PAB-KLM

INNOVATIER, INC.,

    Plaintiff/Counterclaim Defendant,

v.

CARDXX, INC.,

    Defendant/Counterclaimant,

v.

ROBERT SINGLETON,

    Counterclaim Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Plaintiff's Motion for Leave to Amend Its Complaint** [Docket No. 127; Filed November 13, 2009] (the "Motion"). Defendant has responded [Docket No. 130; Filed December 3, 2009], and Plaintiff has replied [Docket No. 136; Filed December 31, 2009]. The Motion is therefore ripe for resolution. For the reasons set forth below, the Motion is **GRANTED**.

**I.**     **Background**[1]

This action arises from a business relationship that existed between Plaintiff Innovatier and Defendant CardXX. Counterclaim Defendant Robert Singleton is president

---

[1] The facts presented here are taken from Plaintiff's First Amended Complaint and are accepted as true for the purposes of this Order only.

of Plaintiff Innovatier.  The parties were associated for the purpose of developing and implementing a manufacturing process for the production of commercially acceptable financial transaction cards with embedded or encapsulated electronics.

In the instant motion, Plaintiff seeks to amend its Complaint to add a variety of new claims against Defendant.  Defendant objects only to Plaintiff's claims for: (1) fraudulent inducement (Count VII); (2) negligent misrepresentation (Count VIII); and (3) tortious interference with a business relationship (Count XIII).  Plaintiff's request to amend its Complaint was timely filed.[2]

## II.  Analysis

Fed.R.Civ.P. 15(a) provides for liberal amendment of pleadings.  Rule 15(a) directs that "[t]he court should freely give leave when justice so requires."  The decision to allow a party to amend rests within the sound discretion of the Court.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Viernow v. Euripides Dev. Corp.*, 157 F.3d 785, 799 (10th Cir.1998). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182.  "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure

---

[2]Although this action was originally filed in February of 2008, the Motion is timely, as the proceedings have suffered a variety of delays.  The action was transferred to this Court from Florida [Docket No. 1], the Court entered a Scheduling Order on May 19, 2008 [Docket No. 52], and the parties' dispute over an appropriate Protective Order was resolved by the Court and a Protective Order entered on November 13, 2008 [Docket No. 70].  Discovery was then set to begin.  However, Plaintiff's original counsel withdrew [Docket Nos. 71, 73], and  Plaintiff subsequently filed for bankruptcy [Docket No. 79].  This Court therefore entered an Order vacating all deadlines [Docket No. 95].  The bankruptcy court subsequently lifted the stay and allowed this case to proceed [Docket No. 100].  An Amended Scheduling Order was entered on September 28, 2009, setting November 13, 2009, as the new deadline for amendment of pleadings [Docket No. 116].  Plaintiff filed the instant motion on that date.

deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir.1993).

"The Tenth Circuit has concluded that the timeliness of the amendment and prejudice to the defendant are to be the crux of the inquiry." *Arapahoe County Water and Wastewater Pub. Improvement Dist. v. HRD Eng'g, Inc.*, No. 08-cv-01788-WYD-KMT, 2009 WL 3158160, at *1 (D. Colo. Sept. 25, 2009) (citing *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006)). "The most important[] factor in deciding a motion to amend pleadings[] is whether the amendment would prejudice the nonmoving party." *Id.* (quoting *Minter*, 451 F.3d at 1207). Here, Plaintiff's request was timely, and Defendant does not argue that it will suffer any undue prejudice if the Court grants Plaintiff's request. Defendant argues only that Plaintiff's claims for fraudulent inducement, negligent misrepresentation, and tortious interference must be stricken from the Amended Complaint because they are futile.

An amendment is futile if it would not survive a motion to dismiss. *See Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (citing *Jefferson County Sch. Dist. v. Moody's Investor's Servs.*, 175 F.3d 848, 859 (10th Cir. 1999)). "In ascertaining whether plaintiff's proposed amended complaint is likely to survive a motion to dismiss, the court must construe the complaint in the light most favorable to plaintiff, and the allegations in the complaint must be accepted as true." *Murray v. Sevier*, 156 F.R.D. 235, 238 (D. Kan. 1994). Moreover, "[a]ny ambiguities must be resolved in favor of plaintiff, giving him 'the benefit of every reasonable inference' drawn from the 'well-pleaded' facts and allegations in his complaint." *Id.*

### A. Claims for Fraudulent Inducement and Negligent Misrepresentation

Defendants argue that Plaintiff's claims for fraudulent inducement and negligent misrepresentation are futile due to Plaintiff's failure to comply with the particularity requirements of Federal Rule of Civil Procedure 9(b).

Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." In order to state a claim with sufficient particularity, "a complaint alleging fraud [must] . . . 'set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof.'" *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000) (quoting *Lawrence Nat'l Bank v. Edmonds (In re Edmonds)*, 924 F.2d 176, 180 (10th Cir. 1991)). "The purpose of Rule 9(b) is to afford defendant fair notice of plaintiff's claims and the factual ground upon which [they] are based." *Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1252 (10th Cir. 1997) (internal quotations omitted)(citations omitted).

#### 1. Fraudulent Inducement

Defendant contends that Plaintiff's claim for fraudulent inducement does not state the time, place, and contents of the allegedly false representations, or the person who allegedly made them. Plaintiff argues in reply that it has provided the necessary detail in its Amended Complaint, and the Court agrees.

As allowed by Fed. R. Civ. P. 10(c), Plaintiff's fraudulent inducement claim incorporates by reference all of the preceding paragraphs of the Amended Complaint. *Plaintiff's First Amended Complaint*, Docket No. 127, Exhibit A, at ¶ 76. In evaluating the sufficiency of the Amended Complaint, the Court considers it in its entirety. *See generally*

*Schwartz*, 124 F.3d at 1253 (citing *Nolan Bros. v. United States*, 266 F.2d 143, 146 (10th Cir. 1959)).

Plaintiff identifies the following paragraphs of the Amended Complaint as supporting its claim for fraudulent inducement:

> In the spring of 2004, while still employed at Silicore, [Singleton] received a call from Paul Meyer ("Meyer"), Director of Engineering at CardXX. Meyer informed [Singleton] that CardXX was seeking to license its purported RAMP Technology for manufacturing functional, commercially viable Financial Transaction Cards. ¶ 9.
>
> Beginning with their first communication even prior to the execution of the [Mutual Non-Disclosure Agreement], and in virtually all communications leading up to the execution of the Option Agreement, Cardxx represented that its RAMP Technology could produce, on a mass scale, Financial Transaction Cards for Innovatier that would be commercially acceptable. ¶ 15.
>
> Upon information and belief, unbeknownst to Innovatier, CardXX knew prior to the parties entering in the Option Agreement that the RAMP Technology was a complete failure and that it would never be capable of producing commercially acceptable Financial Transaction Cards, much less 400,000 units per month. ¶ 25.
>
> Instead, CardXX persisted with its scheme of misrepresentations in order to induce the execution of the Option Agreement and the deposit of $500,000 into escrow. ¶ 26.

*Amended Complaint* [#127].

The Amended Complaint also specifies that the Option Agreement was executed on November 8, 2004, and the deposit into escrow was made on or before March 31, 2005. *Amended Complaint* [#127] at ¶ 18-23. In summary, Plaintiff alleges that Paul Meyer, of another agent of Defendant, knowing his representations to be false, made statements to Singleton, beginning with a telephone call in the spring of 2004 and continuing through March, 2005, that Defendant CardXX was

capable of producing 400,000 units of cards.  The Amended Complaint makes clear that Plaintiff alleges that these statements led it to enter into the Mutual Non-Disclosure Agreement and the Option Agreement with Defendant and to deposit $500,000 into escrow.  The Court finds that Plaintiff has stated a claim that satisfies Rule 9(b).  *See Schwartz*, 124 F.3d at 1252 ("The requirements of Rule 9(b) must be read in conjunction with the principles of Rule 8, which calls for pleadings to be 'simple, concise, direct, . . . and to be construed as to do substantial justice.'"(quoting Fed.R.Civ.P. 8(e)); *Williams Field Servs. Group LLC v. Gen. Elec.*, No. 06-CV-0530-CVE-SAJ, 2008 WL 2809902 (N.D. Okla. July 21, 2008)("Rule 9(b)'s particularity requirement, however, is not absolute or limitless; a plaintiff need not go so far as to give the defendant a 'pretrial memorandum containing all the evidentiary support for plaintiff's case.'" (quoting *Schrag v. Dinges*, 788 F.Supp. 1543, 1550 (D. Kan. 1992))).

      2.      Negligent Misrepresentation

Defendant argues that the requirements of Rule 9(b) also apply to Plaintiff's claim for negligent misrepresentation and that this claim is not sufficiently detailed to satisfy the rule.  In its reply, Plaintiff counters that Rule 9(b) does not apply to its negligent misrepresentation claim and, even if it does, it has provided sufficient detail.

In support of its argument, Defendant cites *Gunningham v. Standard Fire Ins. Co.*, No. 07-cv-02538-REB-KLM, 2008 WL 4377451 (D. Colo. Sept. 19, 2008). Although it applied Rule 9(b) to the plaintiff's negligent misrepresentation claim, the

*Gunningham* court noted that it did so in the absence of any objection from the plaintiff and that it had found "no binding authority from either the Colorado appellate courts or from the United States Court of Appeals for the Tenth Circuit that holds that Rule 9(b)'s particularity requirement is applicable to a negligent misrepresentation claim."  *Gunningham*, 2008 WL 4377451, at *2.

It is not necessary that the Court address the question here.  As Defendant recognizes, Plaintiff's negligent misrepresentation claim relies on the same allegations as its fraudulent inducement claim.  *See Response* [#130] at 5 ("Innovatier's negligent misrepresentation claim (Count VIII) parrots Innovatier's fraudulent inducement claim (Count VII).").  Accordingly, assuming for the sake of argument that Rule 9(b) does apply, the claim satisfies the rule for the reasons set forth above.

**B.     Claim for Tortious Interference with a Business Relationship**

Defendant maintains that Plaintiff's claim for tortious interference with a business relationship is futile because Plaintiff has admitted on the record during a court proceeding that it has not suffered any damages in connection with the facts alleged in support of this claim.  To support this argument, Defendant cites portions of a transcript of hearing that took place in federal court in Florida.

Defendant's argument fails.  The Court evaluates whether a claim is futile as if it were evaluating whether the claim should survive a motion to dismiss brought under Rule 12(b)(6).  *See Sheldon v. Vermonty*, 204 F.R.D. 679, 682 (D. Kan. 2001) ("[T]he court must analyze a proposed amendment as if it were before the court on

a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6)."). Therefore, it will not consider outside evidence. *See Williams Field Servs. Group*, 2008 WL 2809902, at *2 (noting that when opposing a motion to amend, the court will not allow non-moving party to transform the proceeding on the motion into a "mini-trial or summary judgment proceeding, without the safeguards normally present for maturation and merits-based resolution of claims" (quoting *ClearOne Commc'n, Inc. v. Chiang*, No. 2:07cv00037TC, 2007 WL 2572380, at *1 (D. Utah Sept. 5, 2007)). In the absence of Defendant's evidence regarding Plaintiff's alleged admission of no damages, there is no evidence to support Defendant's claim of futility regarding the tortious interference claim.

### III.   Conclusion

Resolving all ambiguities in favor of Plaintiff, the Court concludes that at this stage of the proceedings it is not clear that Plaintiff's proposed amendments are futile. Furthermore, the request was timely made and Defendants have not demonstrated they will suffer any undue prejudice should the Court allow amendment. The Court, exercising its discretion to allow amendment of pleadings, therefore will allow Plaintiff to file its Amended Complaint.

Accordingly, IT IS **ORDERED** that the Motion is **GRANTED**. The Clerk is directed to file Plaintiff's First Amended Complaint for Damages and Demand for Jury Trial, attached as Exhibit A to the Motion [Docket No. 127].

DATED: January 8, 2010 at Denver, Colorado.

BY THE COURT:


　s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge