IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00273-PAB-KLM

INNOVATIER, INC.,

       Plaintiff/Counterclaim Defendant,

v.

CARDXX, INC.,

       Defendant/Counterclaimant,

v.

ROBERT SINGLETON,

       Counterclaim Defendant.

_____

**ORDER DENYING JOINDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

       This matter is before the Court on the Plaintiff's **Motion for Joinder Pursuant to**

**Rule 19(a)** [Docket No. 173; Filed July 1, 2010] (the "Motion"). Defendant filed a Response

in opposition to the Motion on August 2, 2010 [Docket No. 188], and Plaintiff filed a Reply

on August 23, 2010 [Docket No. 195]. The Motion has been fully briefed and is ripe for

resolution. Accordingly,

       IT IS HEREBY **ORDERED** that the Motion is **DENIED** for the reasons set forth

below.

       This action arises from a business relationship that existed between Plaintiff

Innovatier and Defendant CardXX. *See generally First Amended Complaint* [#145] at 4.

The parties were associated for the purpose of developing and implementing a

manufacturing process for the production of commercially acceptable financial transaction cards with embedded or encapsulated electronics. Pursuant to this association, they executed a licensing agreement. After Plaintiff filed the present lawsuit to address Defendant's alleged breach of the licensing agreement, Defendant asserted a counterclaim against Plaintiff and Counterclaim Defendant Robert Singleton, who serves as Plaintiff's president. The counterclaim addresses, among other things, Plaintiff's alleged patent infringement of two patents held by Defendant [Docket No. 121]. The patents at issue have been exclusively licensed to a third party, Identita Technologies, International, SRL ("Identita"). Pursuant to the Motion, Plaintiff seeks to join Identita as an involuntary counterclaimant to this lawsuit.

As a threshold matter, a scheduling order deadline "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b). The deadline for seeking to join parties and amend pleadings in this case was November 13, 2009. *Amended Scheduling Order* [#116] at 13. Plaintiff filed the present motion on July 1, 2010, approximately eight months later. To demonstrate good cause pursuant to Rule 16, Plaintiff must "show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay." *Minter v. Prime Equip. Co.*, 451 F3d 1196, 1205 n.4 (10th Cir. 2006).

Defendant argues that Plaintiff has been on notice that Identita held an exclusive license regarding Defendant's patents since the inception of the lawsuit. *Response* [#188] at 2 & n.1 (noting that the original Complaint contained a paragraph regarding the exclusive license entered into between Defendant and Identita). Further, since entry of the Amended Scheduling Order, Plaintiff has amended its pleadings once and did not seek to join Identita

despite the existence of Defendant's counterclaim. *Id.* at 7. Defendant contends that Plaintiff has had ample opportunity to seek timely joinder of Identita, and Plaintiff's "belated backdoor effort" is nothing more than an "eleventh hour" attempt to assert claims against a foreign company who is not subject to process in this district and who Plaintiff has unsuccessfully sought to sue in another state. *Id.* at 2-4. Finally, Defendant notes that the late joinder of Identita would adversely impact other case deadlines, including the discovery deadline which expired on August 13, 2010. *See Order* [#172] at 1.

Plaintiff failed to address the timeliness of its request in the Motion, nor did it seek permission to extend the pleading amendment deadline. In its Reply, Plaintiff contends that "this case did not turn into a patent infringement case until Cardxx filed its Second Amended Counterclaim on or about October 28, 2009. More important, [Plaintiff] did not receive a copy of the Cardxx/Identita License until it was produced by Cardxx . . . on or about January 15, 2010 . . . [and] was not able to take the deposition of Identita's owner . . . until May 18, 2010." *Reply* [#195] at 4. Nevertheless, Plaintiff could have and arguably should have sought to extend the pleading amendment deadline to the extent that it did not believe that it possessed sufficient information at the time of the counterclaim's filing to make a decision about joinder. Further, I note that the present Motion was not filed until July 1, 2010, well after Plaintiff's receipt of a copy of the license and the deposition of Identita's owner.

On balance, I agree with Defendant. Plaintiff did not suddenly obtain information necessary to justify its late attempt to join Identita. Plaintiff has known about the existence of Identita and the exclusive license it possessed throughout the litigation of this case and has been aware of Defendant's patent infringement counterclaim since before the pleading

3

amendment deadline expired.[1]  Accordingly, Plaintiff has not offered a valid excuse for its

delay in filing a motion for joinder and, thus, has not shown "good cause" pursuant to Rule

16(b).  The Motion is subject to denial on this basis alone.[2]

Dated:  August 24, 2010

                                        BY THE COURT:

                                         s/ Kristen L. Mix
                                        U.S. Magistrate Judge
                                        Kristen L. Mix

---

[1] Ironically, Plaintiff answered Defendant's counterclaim on November 13, 2009 [Docket No. 126], the date of the pleading amendment deadline.  It did not move for permission to join Identita at that time, nor did it raise a defense in its Answer pursuant to Fed. R .Civ. P. 12(b)(7) which would have served to alert Defendant to a potential defense of the "failure to join a party under Rule 19."

[2] Because of the potential dispositive nature of determining whether joinder is required by Fed. R. Civ. P. 19, I decline to address the Motion on this basis.  To the extent that Plaintiff suggests that it will file a motion to dismiss Defendant's patent infringement counterclaim if this Motion is denied, as the Court noted above, Plaintiff has already answered the counterclaim. As such, a motion to dismiss may be procedurally improper at this stage.  *See* Fed. R. Civ. P. 12(b) (noting that a "motion asserting any [defense pursuant to Rule 12(b)] must be made <u>before</u> pleading if a responsive pleading is allowed" (emphasis added)).  Moreover, Plaintiff's failure to raise a defense pursuant to Rule 12(b)(7) in its Answer to Defendant's counterclaim arguably impacts its ability to raise this defense in a dispositive motion.  *See id.*