IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00273-PAB-KLM

INNOVATIER, INC.,

    Plaintiff/Counterclaim Defendant,

v.

CARDXX, INC.,

    Defendant/Counterclaimant,

v.

ROBERT SINGLETON,

    Counterclaim Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Defendant/Counterclaimant **Cardxx's Amended Motion to Amend Pleading to Add Request for Exemplary Damages** [Docket No. 214; Filed November 1, 2010] (the "Motion"). Plaintiff/Counterclaim Defendant Innovatier filed a Response in opposition to the Motion on November 19, 2010 [Docket No. 229]. Although Defendant was given an extension of time to file its reply until December 17, 2010 [Docket No. 233], I need not wait for a reply prior to ruling on the Motion. *See* D.C.COLO.LCivR 7.1C. Because I find that a reply is unnecessary here, I consider the Motion to be fully briefed and ripe for resolution. As a preliminary matter, the Motion is timely as it was filed within the Court's deadline for amending pleadings [Docket No. 189].[1]

---

[1] Although the deadline was October 30, 2010, the deadline fell on a Saturday. Because the Motion was filed on the first business day after the deadline, it is timely. *See* Fed. R. Civ. P.

IT IS HEREBY **ORDERED** that the Motion is **GRANTED** for the reasons set forth below.

To give context to the Court's ruling, the following background is provided. For approximately two and half years, Plaintiff and Defendant were parties to a License Agreement that allowed Plaintiff to manufacture financial transaction cards using certain technology developed by Defendant to embed electronic components therein. When Defendant terminated the License Agreement, Plaintiff sued Defendant for specific performance of a mutual nondisclosure agreement, specific performance of the License Agreement, and breach of the License Agreement. *Plaintiff's Amended Complaint* [#145]. Defendant filed counterclaims, contending (among other things) that Plaintiff unlawfully converted and misappropriated Defendant's technology for its own benefit. *Defendant's Second Amended Counterclaim* [#121].

Pursuant to the Motion, Defendant requests leave to amend its Second Amended Counterclaim to add a claim for exemplary damages. In considering Defendant's request, the Court is guided by Colo. Rev. Stat. § 13-21-102. *See Am. Econ. Ins. Co. v. William Schoolcraft*, No. 05-cv-01890-BNB, 2007 WL 160951, *1-2 (D. Colo. Jan. 17, 2007) (unpublished decision) (discussing whether Fed. R. Civ. P. 15 or section 13-21-102 governs request to amend complaint to add claim for exemplary damages in diversity action, noting lack of definitive opinion on issue in Tenth Circuit, and deciding to apply state statute); *Witt v. Condominiums at the Boulders Ass'n*, No. 04-cv-02000-MSK-OES, 2006 WL 348086, at *7 (D. Colo. Feb. 13, 2006) (unpublished decision) (finding that court must

---

6.

give effect to Colorado statute in evaluating whether exemplary damages claim properly brought in diversity action); *see also State Farm Mut. Auto Ins. Co. v. Fisher*, No. 08-cv-01687-REB-MEH, 2009 WL 1011194, at *4-5 (D. Colo. April 15, 2009) (applying Colorado exemplary damages statute to determine whether amendment appropriate and considering evidence in light of Rule 15 obligation to freely grant leave to amend); *E&S Liquors, Inc. v. U.S. Fidelity & Guar. Co.*, No. 08-cv-01694-WYD-KLM, 2009 WL 837656, at *2-3 (D. Colo. March 26, 2009) (same).

Pursuant to Colorado law, an award of exemplary damages is permissible when "the injury complained of is attended by circumstances of fraud, malice, or willful and wanton conduct." Colo. Rev. Stat. § 13-21-102(1)(a). "A claim for exemplary damages . . . may be allowed by amendment to the pleadings only after the exchange of initial disclosures . . . and the [claimant] establishes *prima facie* proof of a triable issue." *Id.* § 13-21-102(1.5)(a).

Here, Defendant asserts that its claim for exemplary damages is appropriate because Plaintiff "engaged in malicious, willful, and wanton conduct in connection with its misappropriation of Cardxx's trade secrets. *Motion* [#214] at 2. "Willful and wanton conduct" is conduct "purposefully committed which the actor must have realized was dangerous, done heedlessly and recklessly, without regard to consequences or to the rights and safety of others, particularly the [claimant]." Colo. Rev. Stat. § 13-21-102(1)(b). "Where the [opposing party] is conscious of his conduct and the existing conditions and knew or should have known that injury would result, the statutory requirements" are met. *Coors v. Sec. Life of Denver Ins. Co.*, 112 P.3d 59, 66 (Colo. 2005) (citations omitted); *see also U.S. Fire Ins. Co. v. Sonitrol Mgmt. Corp.*, 192 P.3d 543, 549 (Colo. Ct. App. 2008)

(describing willful and wanton conduct as conduct that "exhibits an intent consciously to disregard the safety of others [and] extends beyond mere unreasonableness" (quoting *Forman v. Brown*, 944 P.2d 559, 564 (Colo. Ct. App. 1996)).

The parties have made initial disclosures. In order to establish *prima facie* proof of a triable issue, Defendant must articulate "[a] reasonable likelihood that the issue [of whether Plaintiff's conduct was willful and wanton] will ultimately be submitted to the jury for resolution." *Arapahoe County Water & Wastewater Pub. Improvement Dist. v. HRD Eng'g, Inc.*, No. 08-cv-01788-WYD-KMT, 2009 WL 3158160, at *6 (D. Colo. Sept. 25, 2009) (quoting *Leidholt v. Dist. Court*, 619 P.2d 768, 771 (Colo. 1980)). At this stage of the litigation, the Court is concerned with only whether the evidence, when viewed in the light most favorable to the moving party, is sufficient to make out a *prima facie* case of willful and wanton behavior for the purpose of adding a claim for exemplary damages to the Second Amended Counterclaim, and not whether such evidence is sufficient to defeat summary judgment. *See Am. Econ. Ins. Co.*, 2007 WL 160951, at *3 (noting that when deciding appropriateness of amendment under section 13-21-102 court views evidence in light most favorable to moving party); *E&S Liquors, Inc.*, 2009 WL 837656, at *2 (noting that court views evidence in light most favorable to moving party on a motion to add claim for exemplary damages and differentiating standard from evaluation of whether evidence is sufficient to defeat summary judgment); *see also Leidholt*, 619 P.2d at 769 (noting that the Court "should grant the [claimant] some leeway in establishing his *prima facie* case"). Accordingly, the Court must consider whether Defendant has made a sufficient showing that Plaintiff was "conscious of [its] conduct and the existing conditions and knew or should have known that injury would result" in order to determine whether Defendant may be

allowed to include a claim for exemplary damages.  *Coors*, 112 P.3d at 66.

Defendant contends that Plaintiff's alleged misappropriation of trade secrets was done with willful intent.  To this end, Defendant contends that the despite the parties' License Agreement to develop certain technology, Plaintiff continued to attempt to develop the technology on its own and with the aid of Defendant's former employee, Paul Meyer. *Motion* [#214] at 5-6.  Specifically, Defendant argues that evidence has revealed that Meyer improperly used Defendant's proprietary information in helping Plaintiff engineer technology in competition with Defendant.  *Id.* at 6-11.  Defendant contends that not only is Plaintiff's willful misappropriation borne out in documents and information obtained in discovery, but is also shown by Plaintiff's alleged obstreperous discovery conduct in this case.  *Id.* at 8-11.

Plaintiff counters that Defendant's evidence consists of "a mishmash of vague allegations, unsupported conclusions, and inappropriate attempts to shift blame from a non-party to Innovatier."  *Response* [#229] at 7.  Specifically, Plaintiff contends that Defendant's allegations of willfulness rely on the conduct of an individual which cannot be implied to Plaintiff and that any alleged discovery misconduct committed by Plaintiff since the inception of the case does not speak to willfulness.  *Id.* at 4-7.  In conclusion, Plaintiff contends that Defendant "has failed to establish that a jury could find, beyond a reasonable doubt, circumstances warranting exemplary damages."  *Id.* at 7.

Considering that (1) Defendant's evidence must be viewed in the light most favorable to it, *E&S Liquors, Inc.*, 2009 WL 837656, at *2-3, (2) the Court "should grant [Defendant] some leeway in establishing [its] *prima facie* case," *Leidholt*, 619 P.2d at 769, and (3) leave to amend should be freely granted, Fed. R. Civ. P. 15(a), the Court finds that Defendant has provided sufficient evidence to add a claim for exemplary damages to its

misappropriation counterclaim (Counterclaim Five). While I agree with Plaintiff that any alleged discovery misconduct committed by Plaintiff does not speak to whether Plaintiff willfully misappropriated Defendant's trade secrets, I disagree with Plaintiff that Defendant has not provided sufficient proof, at this stage, to create a triable issue.

First, to the extent that Plaintiff contends that Defendant has to show that a jury could find for Defendant beyond a reasonable doubt, this argument is rejected. The appropriate standard here is whether Defendant has provided *prima facie* evidence of willful and wanton behavior, and not whether the Court believes that a jury could find beyond a reasonable doubt that exemplary damages are warranted.[2] *See, e.g.*, *Am. Econ. Ins. Co.*, 2007 WL 160951, at *4 (emphasizing that in resolving request to amend pursuant to section 13-21-102, court should consider only the "preliminary question" of whether moving parties made *prima facie* case, not whether any party will ultimately be entitled to those damages).

Second, Defendant's allegation and evidence that Meyer used Defendant's trade secrets to the benefit of Plaintiff and that Plaintiff's knowledge of such is proven by its attempt to downplay Meyer's involvement are sufficient to show that Plaintiff was "conscious of [its] conduct and the existing conditions and knew or should have known that injury would result." *See Coors*, 112 P.3d at 66. This holding does not address, nor should

---

[2] To the extent that Plaintiff cites to *Liedholt v. District Court* for the proposition that "[t]he standard requires evidence that a jury could find, beyond a reasonable doubt, circumstances warranting exemplary damages," I find no basis for this citation. *See Response* [#229] at 2-3. Nothing contained in *Liedholt* stands for the proposition that a jury has to find facts beyond a reasonable doubt prior to awarding exemplary damages or that a Court has to find that it could do so before allowing a claim for exemplary damages to proceed. *Cf. Liedholt*, 619 P.2d at 771 n.3 (noting only that exemplary damages are a triable issue when it has been shown that there is "a reasonable likelihood that the issue will ultimately be submitted to the jury for resolution").

it, whether a jury will ultimately find for Defendant or will reject Defendant's evidence in favor of conflicting evidence provided by Plaintiff.  Rather, the Court merely finds that Defendant's claim for exemplary damages may be appropriately pled at this time. Accordingly,

IT IS FURTHER **ORDERED** that on or before **December 10, 2010**, Defendant shall file a Third Amended Counterclaim reflecting the amendment permitted herein.

IT IS FURTHER **ORDERED** that Plaintiff shall respond to the Third Amended Counterclaim within the time frame required by the Federal Rules of Civil Procedure.

Dated:  December 3, 2010

BY THE COURT:

s/ Kristen L. Mix
KRISTEN L. MIX
United States Magistrate Judge