IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 08-cv-00273-PAB-KLM

INNOVATIER, INC.,

    Plaintiff/Counterclaim Defendant,

v.

CARDXX, INC.,

    Defendant/Counterclaimant,

v.

ROBERT SINGLETON,

    Counterclaim Defendant.

_____

**ORDER REGARDING CARDXX'S MOTION TO
PRECLUDE LAY OPINION TESTIMONY**
_____

This matter is before the Court on the motion of Defendant-Counterclaimant CardXX, Inc. ("CardXX") to preclude opinion testimony of two lay witnesses of Plaintiff-Counterclaim Defendant Innovatier, Inc. ("Innovatier"): Robert Singleton and Larry Keim.[1]  Docket No. 207.  The Court has original jurisdiction over this action based on diversity jurisdiction under 28 U.S.C. § 1332.

---

[1] CardXX stated in its Reply that the parties have resolved their dispute concerning the testimony of Mr. Keim. Def.'s Reply [Docket No. 236], at 2. As such, the Court only will consider CardXX's objections regarding the testimony of Mr. Singleton.

**I.     BACKGROUND**

This case involves, *inter alia*, cross claims for misappropriation of trade secrets, breach of the parties' license and mutual non-disclosure agreements, unfair competition, and tortious interference with business relationships. First. Am. Compl. [Docket No. 145], at Counts I-IV, VI, X-XIII; Third Am. Countercl. [Docket No. 235], at Countercl. Nos. 1-7. CardXX has also counterclaimed for infringement of two United States patents. Third Am. Countercl. at Countercl. No. 9. The technology at the center of these claims relates to processes used for packaging microelectronics into small form products such as smart cards and tags.

CardXX deposed counterclaim defendant Robert Singleton, a founder and officer of Innovatier, in his individual capacity and as a Rule 30(b)(6) designee for Innovatier. Def.'s Motion [Docket No. 207], at 4. Innovatier did not designate Mr. Singleton as an expert witness. Based on Mr. Singleton's deposition testimony, however, CardXX believes Innovatier will attempt to elicit expert opinion testimony from Mr. Singleton at trial. Def.'s Motion [Docket No. 207], at 2. CardXX, therefore, brings the instant motion to preclude such opinion testimony.

**II.    ANALYSIS**

It is undisputed that Mr. Singleton was not disclosed as an expert witness and that he has not submitted an expert report. Additionally, neither party disputes that, since Mr. Singleton was not disclosed as an expert, any testimony falling within the purview of Rule 702 must be excluded. The dispute, therefore, centers on whether Mr. Singleton will provide lay testimony, expert testimony, or a combination of both.

### A. *Federal Rule of Evidence 701*

Federal Rule of Evidence 701 governs opinion testimony by lay witnesses. It states:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

FED. R. EVID. 701 (2000). The text of the Rule appears to draw a strict line separating lay opinion from expert opinion. The Rule's advisory committee notes acknowledge this line by stating "[t]he amendment makes clear that any part of a witness' testimony that is based upon scientific, technical, or other specialized knowledge . . . is governed by the standards of Rule 702." The notes recognize, however, that the amendment preserved prior court rulings that allowed business owners to opine on expected profits or the value of their property. The committee explained:

> Such opinion testimony is admitted not because of experience, training or specialized knowledge within the realm of an expert, but because of the particularized knowledge that the witness has by virtue of his or her position in the business. The amendment does not purport to change this analysis.

FED. R. EVID. 701, Adv. Comm. Note (2000). The distinction the advisory committee notes draw between opinions based on "specialized knowledge" (excluded from Rule 701) and those based on "particularized knowledge" (permitted by Rule 701) is not clear. The Court believes the notes indicate that the Rule allows opinions founded on particularized knowledge about one's business, but does not create a broad

"particularized knowledge" exception to the rules governing expert opinion testimony. Therefore, with the exception of the testimony specifically allowed for in the notes, "a person may testify as a lay witness only if his opinions or inferences do not require any specialized knowledge and could be reached by any ordinary person." *See LifeWise Master Funding v. Telebank,* 374 F.3d 917, 929 (10th Cir. 2004); FED. R. EVID. 701, Adv. Comm. Note (2000) ("lay testimony results from a process of reasoning familiar in everyday life, while expert testimony results from a process of reasoning which can be mastered only by specialists in the field") (citation and internal quotations omitted).

### B. *Mr. Singleton's Testimony*

CardXX contends that Mr. Singleton should not be permitted to testify on the parties' respective manufacturing processes, how such processes differ, whether certain information constitutes a trade secret or proprietary information, the level of skill in the art, what is within the knowledge of one skilled in the art, and whether certain technology would be obvious to one skilled in the art.  Def.'s Reply [Docket No. 236], at 2, 4, and 6.  CardXX claims such testimony is premised on scientific, technical, or other specialized knowledge and, thus, is governed by Rule 702.

Innovatier, on the other hand, identifies the following subjects of Mr. Singleton's intended testimony: (1) the development of the Innovatier process, (2) Mr. Singleton's understanding of CardXX's RAMP process, (3) when and how CardXX's RAMP process was communicated to him, (4) how the parties' processes differ, (5) his knowledge of CardXX's RAMP process prior to CardXX's disclosure of it to Innovatier, (6) how he acquired such knowledge from publicly available information, (7) his prior experience using the components that CardXX claims are confidential or trade secrets, (8) the

various patents that he filed concerning the process Innovatier developed, and (9) his review of CardXX's patents prior to filing patents for Innovatier. Pl.'s Resp. [Docket No. 230], at 7. Innovatier argues that this testimony is based on Mr. Singleton's own personal knowledge and experience rather than any specialized knowledge. *Id*.

Having reviewed the topics identified by Innovatier, the Court finds that most of the topics appear to constitute fact testimony based on Mr. Singleton's personal knowledge. The subjects that seem to implicate opinion testimony are those relating to his understanding of CardXX's processes, how CardXX's and Innovatier's processes differ, and his review of CardXX's patents. Such testimony has the potential to be based less on personal experience and more on scientific and technical reasoning. The Court, therefore, reserves ruling on the instant motion until Innovatier provides more information regarding the nature of Mr. Singleton's testimony.

### III. CONCLUSION

It is, therefore,

**ORDERED** that Innovatier shall file, on or before January 6, 2011, a supplemental brief describing Robert Singleton's opinions regarding topics #2, #4, and #9 on page 7 of Innovatier's response [Docket No. 230] to CardXX's motion to preclude Innovatier from presenting opinion testimony.

DATED December 27, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge