IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 08-cv-00273-PAB-KLM

INNOVATIER, INC.,

    Plaintiff/Counterclaim Defendant,

v.

CARDXX, INC.,

    Defendant/Counterclaimant,

v.

ROBERT SINGLETON,

    Counterclaim Defendant.

_____

# ORDER
_____

    This matter comes before the Court on defendant CardXX's Emergency Motion to Alter or Amend Judgment [Docket No. 243], which requests that the Court stay that portion of its December 27, 2010 Order [Docket No. 240] authorizing the escrow agent to release $500,000 to plaintiff Innovatier, Inc. Plaintiff invokes Federal Rule of Civil Procedure 59(e), which provides in pertinent part that a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Final judgment has yet to enter in this case. Therefore, the Court construes CardXX's motion as seeking reconsideration of a non-final order.

    The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration, *see Hatfield v. Bd. of County Comm'rs for Converse County*, 52 F.3d

858, 861 (10th Cir.1995), and, where, as here, a party files a motion for reconsideration prior to the entry of judgment, Rules 59(e) and 60(b) do not apply. *Houston Fearless Corp. v. Teter*, 313 F.2d 91, 92 (10th Cir. 1962). Instead, the motion falls within a court's plenary power to revisit and amend interlocutory orders as justice requires. *See Paramount Pictures Corp. v. Thompson Theatres, Inc.*, 621 F.2d 1088, 1090 (10th Cir.1980) (citing Fed. R. Civ. P. 54(b)); *see also Houston Fearless Corp.*, 313 F.2d at 92. However, in order to avoid the inefficiency which would attend the repeated re-adjudication of interlocutory orders, judges in this district have imposed limits on their broad discretion to revisit interlocutory orders. *See, e.g., Montano v. Chao*, No. 07-cv-00735-EWN-KMT, 2008 WL 4427087, at *5-6 (D. Colo. Sept. 28, 2008) (applying Rule 60(b) analysis to the reconsideration of interlocutory order); *United Fire & Cas. Co. v. McCrerey & Roberts Constr. Co.*, No. 06-cv-00037-WYD-CBS, 2007 WL 1306484, at *1-2 (D. Colo. May 3, 2007) (applying Rule 59(e) standard to the reconsideration of the Duty-to-Defend Order); *M.M. v. Zavaras*, 939 F. Supp. 799, 801 (D. Colo. 1996) (applying law of the case doctrine to motion for reconsideration of interlocutory order). Regardless of the analysis applied, the basic assessment tends to be the same: courts consider whether new evidence or legal authority has emerged or whether the prior ruling was clearly in error.

Under any of these standards, CardXX's motion must be denied. CardXX cites no new facts or case law subsequent and contradictory to the December 27, 2010 Order. Instead, CardXX justifies its request for a stay on equitable grounds: (1) CardXX's damages are more than $500,000; (2) Innovatier does not have much money;

(3) Innovatier will spend the $500,000 as soon as it gets it; and therefore (4) release of the $500,000 to Innovatier will prevent CardXX from receiving a "monetary award" in this case and will "impair the success of the parties' upcoming settlement discussions." Docket No. 243 at 3-5.  Even if these assertions are true, they do not justify holding the escrowed money as a settlement fund.  The December 27, 2010 Order determined that Innovatier is legally entitled to the return of $500,000 that it placed in escrow in 2005.  CardXX's reconsideration motion does not challenge the merits of that holding.  Therefore, it is

ORDERED that CardXX's Emergency Motion to Alter or Amend Judgment [Docket No. 243] is DENIED.

DATED January 11, 2011.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge