IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  08-cv-00273-PAB-KLM

INNOVATIER, INC.,

    Plaintiff/Counterclaim Defendant,

v.

CARDXX, INC.,

    Defendant/Counterclaimant,

v.

ROBERT SINGLETON,

    Counterclaim Defendant.

_____

**ORDER DENYING MOTION FOR RECONSIDERATION**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff **Innovatier's Motion for Reconsideration of Order Granting Cardxx's Motion for Continuance of Final Pretrial Conference** [Docket No. 311; Filed July 5, 2011] (the "Motion").  Defendant filed a Response in opposition to the Motion on July 6, 2011 [Docket No. 313].  Because I may resolve the Motion at any time after its filing, see D.C.COLO.LCivR 7.1C., and I find that a reply would not assist my review, I consider the matter to be fully briefed and ripe for resolution.  For the reasons set forth below,

    IT IS HEREBY **ORDERED** that the Motion is **DENIED**.

    A motion for reconsideration "is an extreme remedy to be granted in rare circumstances."  *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995).

It is well established in the Tenth Circuit that grounds for a motion to reconsider are ordinarily limited to the following: "(1) an intervening change in the controlling law; (2) new evidence previously unavailable; and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark*, 57 F.3d at 948). Thus, a motion to reconsider is typically "appropriate [only] where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

Here, Plaintiff contends that Defendant misrepresented the status of the case in its motion requesting that the Final Pretrial Conference be reset [Docket No. 308] and that the Court unreasonably relied on Defendant's misrepresentations in granting the motion [Docket No. 310].[1] Regardless of whether misrepresentations were made and regardless of whether any party needs to conduct additional discovery prior to completion of a proposed Final Pretrial Order, logistical concerns weigh in favor of allowing a brief delay in the Final Pretrial Conference. First, a dispositive motion remains pending [Docket No. 272]. Second, given the current status of the District Judge's trial docket, a two-month delay in the Final Pretrial Conference will not have a meaningful impact on the trial date should any portion of the case proceed to trial.

More specifically, I set the Final Pretrial Conference in late July 2011 on the theory

---

[1] I resolved Defendant's motion prior to the deadline for Plaintiff's response. In my Order resetting the Final Pretrial Conference, I noted that Plaintiff opposed the delay, but that "the delay proposed by Defendant is reasonable under the circumstances." *Order* [#310] at 1. Where good cause to grant a motion exists, it is inefficient to delay resolution to permit the parties to engage in unnecessary, adversarial and prolix briefing. *See also* D.C.COLO.LCivR 7.1C.

that a ruling could be made on the pending dispositive motion by that time. Now, more than two months later, it is less clear that a ruling on that motion will be made by the end of this month. Such a ruling could impact the scope of the Final Pretrial Order. Moreover, the District Judge's docket is consumed with trials of criminal matters virtually through the end of 2011. In reviewing Defendant's motion to reset the Final Pretrial Conference, I agreed that a brief delay was an efficient use of the parties' and the Court's resources under these circumstances. Nothing argued by Plaintiff in the present Motion changes my view.

Further, the Court views the pending Motion as a continuation of the parties' persistent, unnecessary bickering about relatively minor matters. A two-month delay in the Final Pretrial Conference is by no means significant in light of the case history. The lawsuit was filed by Plaintiff in February 2008 [Docket No. 1]. Pursuant to the original Scheduling Order, a Final Pretrial Conference was set for January 26, 2009 [Docket No. 52]. The parties jointly sought to extend the discovery deadlines in October of 2008 [Docket No. 57]. Plaintiff filed bankruptcy in February of 2009 [Docket No. 79]. As a result of Plaintiff's bankruptcy filing, the case was stayed until July 31, 2009 [Docket No. 100], and was formally reopened on August 5, 2009 [Docket No. 102]. On August 11, 2009, Plaintiff filed a status report outlining the need for extensive discovery and requesting entry of a new Scheduling Order [Docket No. 104]. The Court set a Scheduling Conference for September 24, 2009 [Docket No. 109]. Plaintiff requested a new date for the Scheduling Conference [Docket No. 110]. The Court reset the Scheduling Conference to September 28, 2009 [Docket No. 112]. At the Scheduling Conference, the Court set the Final Pretrial Conference for September 7, 2010 [Docket No. 116]. On November 13, 2009, Plaintiff

moved to amend its Complaint to add claims for fraud and declaratory relief [Docket No. 127]. On December 22, 2009, the parties jointly moved to extend case deadlines and to reset the final pretrial conference to December 10, 2010 [Docket No. 132]. The Court granted Plaintiff's motion for leave to amend its Complaint on January 8, 2010 [Docket No. 144]. In accordance with the parties' joint request, a Final Pretrial Conference was set for December 9, 2010 [Docket No. 147]. Later, the parties again jointly sought to reset the Final Pretrial Conference in order to first obtain rulings from the District Judge on claim construction briefs and summary judgment motions. [Docket Nos. 225 and 227]. Those matters were resolved on January 21 and 26, 2011 [Docket Nos. 261 and 262]. On May 5, 2011, Plaintiff unilaterally moved to reset the Final Pretrial Conference over Defendant's objection [Docket No. 305]. I granted the Motion and reset the Final Pretrial Conference for July 26, 2011 [Docket No. 307].

In light of the protracted history of the case and the many delays attributable to either Plaintiff, Defendant, or both, a two-month delay in the Final Pretrial Conference is hardly earth-shattering. Indeed, the parties appear to have lost sight of the forest for the trees. Bickering and name-calling do not enhance any party's legal position or influence the Court's decision-making in any way. Instead, they demonstrate an unusual degree of animosity between the parties and/or their counsel and detract from the Court's efforts toward reaching a just disposition of the case. This is a business dispute, and counsel should behave accordingly.

The Court did not misapprehend the facts or accept Defendant's characterization of those facts as evidence of any wrongdoing in this case. Further, Plaintiff has cited to no new law or facts that would prompt a different result. Finally, although Plaintiff argues that

it is prejudiced by the resetting of the Final Pretrial Conference, it fails to articulate how a two-month delay of the conference would lead to a manifest injustice in light of the overall case history here.  Accordingly, there is no legal or factual basis for reconsideration of my prior Order.

Dated:  July 7, 2011

                                      BY THE COURT:

                                      s/ Kristen L.  Mix
                                      Kristen L.  Mix
                                      United States Magistrate Judge